UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETTY M. JORDAN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 1:09-cv-1160-WTL-MJD |
| KELLY D. BINNS, et al., | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Defendants' Motion for Summary Judgment (Docket No. 43). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.[1]

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v.*

---

[1] Because the Court has denied the Defendants' motion, oral argument is unnecessary. Accordingly, the Plaintiffs' Motion for Oral Argument (Docket No. 52) is **DENIED AS MOOT**.

*Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

On August 22, 2008, Defendant Kelly D. Binns was driving his U.S. Xpress semi-trailer on eastbound Interstate 70 in Indianapolis. Binns was in the center lane of the three-lane highway and was traveling 52 miles per hour as he entered a curve in the road. Binns periodically checked his side mirrors to ensure that he was not falling, or "doglegging," into another lane. At approximately the apex of the curve, Binns hear a loud banging noise. When he looked in his passenger side mirror he saw a motorcycle operated by Plaintiff Betty M. Jordan ("Betty") slide down the highway onto the shoulder.

Betty, and her husband Theodore R. Jordan ("Theodore") filed suit against Binns and U.S. Xpress in Marion County Superior Court alleging negligence and loss of consortium.[2] The case was properly removed to this court and the Defendants have now moved for summary judgment.

## III. DISCUSSION

In Indiana, a negligence claim requires: (1) a duty owed to the plaintiff by the defendant; (2) breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) a compensable injury proximately caused by the defendant's breach of duty. *Caesars Riverboat*

---

[2] Theodore's loss of consortium claim is derivative of Betty's negligence claim. *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 764 (Ind. 2001). Therefore, if Betty's negligence claim fails, Theodore's claim fails as well. *Id.*

2

*Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010). As an initial matter, the Court notes that summary judgment is rarely appropriate in negligence cases because issues of causation and reasonable care "are particularly fact sensitive and are governed by a standard of the objective reasonable person – one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). Nevertheless, the Defendants have moved for summary judgment, alleging that the Plaintiffs have not established the third element of negligence – proximate cause.

In support of their motion, the Defendants emphasize that Binns "neither saw nor felt any collision with the motorcycle and . . . his rig sustained no damage." Docket No. 44 at 9. The Defendants also claim that even if Binns' trailer did enter Betty's lane, Betty has not shown that the trailer's encroachment caused her accident. The Defendants repeatedly claim that Betty "has *no* recollection of the trailer making *any* contact with any part of the motorcycle." *Id*. Instead, according to the Defendants, "the evidence shows [Betty] Jordan – who was riding too close to the lane divider . . . either lost control of the motorcycle . . . or . . . drifted over into Binns' lane striking the rear 'DOT bumper' of the trailer." *Id*. at 9-10.

In response, the Plaintiffs assert that material issues of fact preclude granting the Defendants' motion. The Plaintiffs emphasize that even though Betty does not recall the totality of the accident, she has testified that she saw the "[t]railer coming over on me or coming down." Docket No. 51 Ex. 2 at 6. Betty explained that as the trailer approached her she futilely attempted to "push" the trailer away from her with her left hand. *Id.* at 6-7. After that, Betty remembers hearing her bike slide and the next thing she knew she was on the shoulder screaming for someone to call her husband. *Id*. at 8.

3

Based on Betty's testimony, a reasonable jury could conclude that Binns' semi-trailer negligently entered the right lane and caused Betty's accident as she alleges. Having viewed the admissible evidence in the light most favorable to the Plaintiffs, the Court concludes that this issue of fact precludes granting the Defendants' motion.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Docket No. 43) is **DENIED**.

SO ORDERED: 01/07/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Angela S. Cash
Scopelitis Garvin Light Hanson & Feary PC
acash@scopelitis.com

Amy L. Cueller
The Cueller Law Office
amy@cuellerlaw.com

Daniel Cueller
The Cueller Law Office
dan@cuellerlaw.com

Renea Elaine Hooper
Scopelitis Garvin Light Hanson & Feary PC
rhooper@scopelitis.com

Michael Brian Langford
Scopelitis Garvin Light & Hanson
mlangford@scopelitis.com