# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **BETTY M. JORDAN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:09-cv-1160-WTL-MJD** |
| | ) | |
| **KELLY D. BINNS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ENTRY ON MOTION TO BIFURCATE

Before the Court is the Defendants' Motion to Bifurcate (Docket No. 76). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

This case arises out of Plaintiff Betty Jordan's motorcycle accident on I-70 East in Indianapolis. On August 22, 2008, Jordan was riding her motorcycle in the inside (far right) lane of the interstate. A tractor trailer driven by Defendant Kelly Binns was in the adjacent center lane. Although what happened is not precisely clear, Binns reported hearing a loud banging noise and then saw Jordan's motorcycle slide down the highway onto the shoulder. Jordan suffered severe injuries in the accident, including amputation of both of her legs from the knees down.

The Defendants, Binns and his employer U.S. Xpress, Inc., seek to have the trial in this case bifurcated, so that the jury first determines whether the Defendants are liable, and, if so, then the same jury immediately hears evidence regarding, and makes a determination of, damages. The Defendants vigorously dispute liability and argue that if the jury hears evidence regarding damages it will be moved by sympathy for the Plaintiffs to find liability where there is

none.  To avoid this prejudice to the Defendants, and to avoid spending the Court's and the

jury's time hearing damages evidence in the event the Defendants prevail on the issue of

liability, the Defendant argues that bifurcation is appropriate.

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or

to expedite and economize, the court may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the

court must preserve any federal right to a jury trial."  A court may bifurcate a trial as long as

bifurcation "1) serves the interests of judicial economy or is done to prevent prejudice to a party;

2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh

Amendment."  *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

Ultimately, the Court does not believe that bifurcation is either necessary or appropriate

in this case.  Despite the Defendants' claims that "a trial on the issue of damages could involve

numerous witnesses and exhibits addressed exclusively to the Plaintiffs' alleged damages" and

that "[p]resentation of these witnesses and this evidence could last several days or more," the

Court does not believe that the evidence on damages will be of mammoth proportions.  Docket

No. 77 at 9.  This is a simple tort claim that does not involve complex or extensive evidence.

Moreover, although the Defendants' case against liability is allegedly strong, as the Court noted

in its January 7, 2011 Entry on Summary Judgment (Docket No. 61), issues of fact remain, thus a

trial is necessary to determine the Defendants' liability.  Given this posture, the Defendants

cannot assume that they will prevail and relieve the Court of the damages portion of the trial.  In

short, judicial economy is best served by addressing liability and damages in a single trial.

The Defendants also assert that "the jurors may not be able to detach their emotions from

the injuries and losses suffered by Jordan during their deliberations on the separate issue of liability." Docket No. 77 at 2. The Court believes that jurors can, and routinely do, precisely that during the court proceedings. This case does not present complicated or unusual circumstances, as it involves a simple motorcycle accident. Because the Defendants have not shown that bifurcation either serves the interests of judicial economy or will prevent prejudicing the Defendants, the Defendants' motion is **DENIED**.

SO ORDERED: 03/21/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Angela S. Cash
Scopelitis Garvin Light Hanson & Feary PC
acash@scopelitis.com

Amy L. Cueller
The Cueller Law Office
amy@cuellerlaw.com

Daniel Cueller
The Cueller Law Office
dan@cuellerlaw.com

Renea Elaine Hooper
Scopelitis Garvin Light Hanson & Feary PC
rhooper@scopelitis.com

Michael Brian Langford
Scopelitis Garvin Light Hanson & Feary PC
mlangford@scopelitis.com